PER CURIAM.
We reverse and remand with instructions that the Judge of Compensation Claims (JCC) reassess whether Claimant’s groin injury was employment-related. The JCC found that Claimant’s groin injury was not related to his employment. This finding was based on the testimony of Claimant’s supervisor and on the fact that the JCC erroneously believed that the histories Claimant gave his medical providers were consistent with that testimony. Of the five doctors that treated or evaluated Claimant, four testified that Claimant told them he injured his groin while carrying dishes or glasses at work on May 21, 1993. Only Dr. Buchholz’s records show that Claimant told him he began to experience groin pain over the weeks after the March 25 accident.
We note that in ruling upon Claimant’s request for a physiatrist, for which jurisdiction was reserved, the JCC should review the portion of Dr. Garofolo’s deposition where he declines to issue an opinion on maximum medical improvement until after Claimant has been evaluated by a physiatrist.
REVERSED AND REMANDED for further proceedings.
ZEHMER, C.J., and SHIVERS, Senior Judge, concur. BARFIELD, J., dissents.